UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO A. OROSCO, | No. 2:23-cv-00392-CKD |
| Petitioner, | |
| v. | ORDER |
| WARDEN, FCI HERLONG, | |
| Respondent. | |

Petitioner is a former federal inmate proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the undersigned for all further proceedings in this action including the entry of judgment pursuant to 28 U.S.C. § 636(c)(1). See ECF No. 11.

In his habeas application, petitioner requests that the Bureau of Prisons apply First Step Act ("FSA") time credits to advance his release date by 365 days.[1] ECF No. 1 at 1. If these credits are applied, petitioner indicates that his release date should be May 4, 2023 rather than May 4, 2024. ECF No. 1 at 3. Respondent filed a motion to dismiss the § 2241 petition on mootness grounds indicating that petitioner was released from FCI Herlong on August 16, 2023

---

[1] Indeed, it appears to the court that the Federal Bureau of Prisons reached the same conclusion that petitioner was entitled to 365 days of time credits towards his release. See ECF No. 16-1 at 13 (FSA Time Credit Assessment).

due, in part, to the application of FSA credits. ECF No. 16 at n. 2. Petitioner has not filed an opposition or otherwise responded to the motion to dismiss.

On October 5, 2023, the court ordered petitioner to show cause why his § 2241 petition should not be dismissed as moot based on his release from incarceration. Although it appears from the docket that petitioner's copy of the order to show cause was returned, petitioner was properly served. It is the petitioner's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

## I.      Legal Standards

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on supervised release). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

## II.     Analysis

In this case, petitioner has been released from custody during the pendency of this proceeding. As a result, there is nothing capable of being redressed by a favorable judicial decision because the BOP has already calculated his FSA credits and released him. In other words, petitioner's case is moot absent demonstrable collateral consequences arising from BOP's calculation of his FSA credits. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating that "[o]nce

the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained."). Petitioner has not opposed the motion to dismiss on mootness grounds. The Ninth Circuit Court of Appeal explained the mootness problem in challenging administrative actions in Nonnette v. Small, 316 F.3d 872, 876 (2002). If a plaintiff in a 42 U.S.C. § 1983 action "now filed a petition for habeas corpus attacking the revocation of his good-time credits and the imposition of administrative segregation (as well as the administrative calculation of his release date), his petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking." Petitioner's challenge to the BOP's administrative calculation of his FSA credits and release date is similarly moot. As Justice Scalia noted, courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Spencer v. Kemna, 523 U.S. 1, 7 (1996). Therefore, respondent's motion to dismiss the pending § 2241 petition on mootness grounds is granted.

### III. Plain Language Summary for Party Representing Himself in Court

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your case is being dismissed because there is no longer a legal dispute about your request to be released early from the Bureau of Prisons ("BOP"). Records provided to the court indicate that FSA time credits were applied to your sentence and that you were released early from BOP custody.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 16) is granted.
2. Petitioner's habeas corpus application filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) is dismissed as moot.

/////

/////

/////

    3. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is denied as moot.

    4. The Clerk of Court is directed to close this case.

Dated: December 15, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/oros0392.mtd.consent